# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GARCEL FAMILY, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _7:21-cv-134_ |
| | § | |
| MT. HAWLEY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## INDEX OF STATE COURT DOCUMENTS

| No. | Date Filed | Document |
|---|---|---|
| **A** | N/A | Index |
| **B** | 03/09/21 | Citation and service confirmation |
| **C** | 03/01/21 | Plaintiff's Original Petition and Mt. Hawley's Answer |
| **D** | N/A | State Court Docket Sheet |
| **E** | N/A | List of Counsel of Record |

# EXHIBIT B

FILED

AT 9:30 O'CLOCK A M

MAR 09 2021

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By _____ Deputy#46

Date Produced: 03/10/2021

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 0661 5400
0160 3378 68. Our records indicate that this item was delivered on 03/09/2021 at 09:27 a.m. in PEORIA,
IL 61615. The scanned image of the recipient information is provided below.

Signature of Recipient :

**Delivery Section**

Signature: X _Kevin Wyant_

Printed Name: _9025 N. LINDBERGH DR._

Address of Recipient :

Delivery Address: _Boxes_

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the
United States Postal Service. It is solely for customer use.

Reference ID: 92148901066154000160337868
C-0745-21-D
PRESIDENT: CRAIG W. KLIETHERMES
MT. HAWLEY INSURANCE COMPANY
9025 N. LINDBERGH DRIVE
PREORIA, IL 61615-0000

# EXHIBIT C

LAURA HINOJOSA
HIDALGO COUNTY DISTRICT CLERK
PO BOX 87
EDINBURG, TX 78540-0087

9214 8901 0661 5400 0160 3378 68

**RETURN RECEIPT (ELECTRONIC)**

**RECEIVED**

**MAR 1 0 2021**

CLAIM DEPARTMENT

**C-0745-21-D**

PRESIDENT: CRAIG W. KLIETHERMES
MT. HAWLEY INSURANCE COMPANY
9025 N. LINDBERGH DRIVE
**PREORIA, IL  61615**

RETURN SERVICE
REQUESTED

RECEIVED
MAR 05 2021
LAW DEPT

SCANNED MAR 10 '21
SCANNED MAR 10 '21

······································· CUT / FOLD HERE ·······································  Zone 6

······································· 6"X9" ENVELOPE
CUT / FOLD HERE ·······································

······································· CUT / FOLD HERE ·······································

IMpbCertified8x5Label v2016.09.29.91

**C-0745-21-D**
**206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

---

## CITATION

---

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Mt. Hawley Insurance Company**
**President: Craig W. Kliethermes**
**9025 N Lindbergh Drive**
**Preoria IL 61615**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 206th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 1st day of March, 2021 and a copy of same accompanies this citation. The file number and style of said suit being, **C-0745-21-D, GARCEL FAMILY, LLC VS. MT. HAWLEY INSURANCE COMPANY C/O CRAIG W. KLIETHERMES**

Said Petition was filed in said court by Attorney Larry W. Lawrence, Jr., 3112 Windsor RD STE A234 Austin TX 78703.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of March, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**KEILA HERNANDEZ DEPUTY CLERK**

CERTIFIED MAIL  9214 8901 0661 5400 0160 3378 68

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 4th day of March, 2021 I, Keila Hernandez, Deputy Clerk of the 206th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-0745-21-D, Garcel Family, LLC  VS.  Mt. Hawley Insurance Company c/o Craig W. Kliethermes a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 4th day of March, 2021.


**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**


_____
**KEILA HERNANDEZ, DEPUTY CLERK**


### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

MT. HAWLEY INSURANCE COMPANY C/O CRAIG W.

9025 N LINDBERGH DRIVE
PREORIA IL  61615

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. ___C-0745-21-D___

| | | |
|---|---|---|
| GARCEL FAMILY, LLC | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| MT. HAWLEY INSURANCE COMPANY | § | |
| *Defendant* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GARCEL FAMILY, LLC.,** complaining of **MT. HAWLEY INSURANCE COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Hidalgo County, Texas.

3. Defendant Mt. Hawley Insurance Company and is an insurance company engaging in the business of selling insurance in the State of Texas. The defendant may be served with process by serving its President, Craig W. Kliethermes at 9025 N. Lindbergh Drive, Preoria, Illinois 61615.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant because they have continuous and systematic contact with the State of Texas, engage in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of their business activities in the State of Texas. Venue is proper in this county because the insured Properties is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

### IV. FACTS

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0745-21-D

5. Plaintiff is the owner of Insurance Policy number GPK0007947 (hereinafter referred to as "the Policy"), which was issued by Mt. Hawley Insurance Company.

6. Plaintiff owns the following properties which were all damaged on the same storm, and thereafter collectively connected into one claim with claim number 00486664, located at:

| | | |
|---|---|---|
| a. | **Property Address:** | **2302 S Tourist Dr.** <br> **Edinburg, Tx 78539** |
| b. | **Property Address:** | **2304 S Tourist Dr.** <br> **Edinburg, Tx 78539** |
| c. | **Property Address:** | **2306 S Tourist Dr.** <br> **Edinburg, Tx 78539** |
| d. | **Property Address:** | **2308 S Tourist Dr.** <br> **Edinburg, Tx 78539** |
| e. | **Property Address:** | **2310 S Tourist Dr.** <br> **Edinburg, Tx 78539** |
| f. | **Property Address:** | **2312 S Tourist Dr.** <br> **Edinburg, Tx 78539** |
| g. | **Property Address:** | **2314 S Tourist Dr.** <br> **Edinburg, Tx 78539** |

(hereinafter referred to as "the Properties").

7. Mt. Hawley Insurance Company (Hereinafter referred to as "Mt. Hawley") sold the Policy insuring the Properties to Plaintiff.

8. On or about July 25, 2020, Plaintiff sustained extensive physical damage to the insured Properties. On this date, Hurricane Hanna moved through the Edinburg, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiffs submitted claims to the Defendant against the policy for damages to the Properties as a result of the July 25, 2020 hurricane. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0745-21-D**

10. The Plaintiff reported the damage to the covered Properties to the Defendant Mt. Hawley. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Properties, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff.   Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the Properties.  As a result, Plaintiff has not been paid the full value of the damages suffered to their home.

12. Defendant Mt. Hawley failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy.  In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged Properties, Defendant Mt. Hawley has categorically refused to pay the full proceeds available under the policy.   Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Mt. Hawley's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant Mt. Hawley has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full.  Defendant Mt. Hawley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Mt. Hawley's failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Mt. Hawley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex.

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0745-21-D**

Ins. Code §541.060(a)(2)(A).

15. Defendant Mt. Hawley failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Mt. Hawley failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Mt. Hawley did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Mt. Hawley's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant Mt. Hawley refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Mt. Hawley failed to conduct a reasonable investigation. Specifically, Defendant Mt. Hawley performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties. Defendant Mt. Hawley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Mt. Hawley failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Mt. Hawley's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Mt. Hawley failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Mt. Hawley's conduct constitutes a violation of the Texas Insurance Code, Prompt

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

### C-0745-21-D

Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented her claim to Defendant Mt. Hawley, the liability of Defendant Mt. Hawley to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Mt. Hawley has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Mt. Hawley's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Mt. Hawley knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

21. As a result of Defendant Mt. Hawley's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

### V. CAUSES OF ACTION

#### Causes of Action Against Defendant Mt. Hawley

22. Defendant Mt. Hawley is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

#### Breach of Contract

23. Defendant Mt. Hawley's conduct constitutes a breach of the insurance contract made between Defendant Mt. Hawley and Plaintiff.

24. Defendant Mt. Hawley's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0745-21-D**

of the State of Texas, constitutes a breach of Defendant Mt. Hawley's insurance contract with

Plaintiff.

## Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Mt. Hawley's conduct constitutes multiple violations of the Texas Insurance

Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article

are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Farmer's unfair settlement practice, as described above, of misrepresenting

to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code

§541.060(a)(1).

27. Defendant Mt. Hawley's unfair settlement practice, as described above, of failing to

attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

Defendant Mt. Hawley's liability under the Policy was reasonably clear, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance.

Tex. Ins. Code §541.060(a)(2)(A).

27. Defendant Mt. Hawley's unfair settlement practice, as described above, of failing to

promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to

the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of

insurance. Tex. Ins. Code §541.060(a)(3).

## Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

28. Defendant Mt. Hawley's conduct constitutes multiple violations of the Texas Insurance

Code, Prompt Payment of Claims. All violations made under this article are made actionable by

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0745-21-D**

Tex. Ins. Code §542.060.

29. Defendant Mt. Hawley's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

<u>**Breach of the Duty of Good Faith and Fair Dealing**</u>

30. Defendant Mt. Hawley's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

31. Defendant Mt. Hawley's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Mt. Hawley knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

<u>**Fraud**</u>

32. Defendant Mt. Hawley is liable to Plaintiff for common law fraud.

33. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Mt. Hawley knew were false or made recklessly without any knowledge of their truth as a positive assertion.

34. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

<u>**Knowledge**</u>

35. Each of the acts described above, together and singularly, was done "knowingly," as

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0745-21-D**

that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VI. DAMAGES

36. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

37. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Properties, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Mt. Hawley's mishandling of Plaintiff's claim in violation of the laws set forth above.

38. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

39. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

40. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

41. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0745-21-D**

42. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

43. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

44. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

45. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

46. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

47. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0745-21-D**

monetary relief above $250,000.00 but not more than one-million dollars. Plaintiff also seeks pre-

judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Initial Disclosures

48. Under Texas Rule of Civil Procedure 194.2, Plaintiff request that Defendant discloses,

within 30 days of the filing of the first answer being filed, the information or material described in

Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said

Plaintiff has and recovers such sums as would reasonably and justly compensate them in

accordance with the rules of law and procedure, as to actual damages, treble damages under the

Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs

of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law,

and for any other and further relief, either at law or in equity, to which they will show themselves

justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

Electronically Filed
3/1/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0745-21-D**

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

CELESTE GUERRA
State Bar No. 00795395


ATTORNEYS FOR PLAINTIFFS



CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 78539
02 4W
0000372542 MAR. 05. 2021

$ 006.95⁰

Electronically Filed
4/5/2021 9:08 AM
Hidalgo County District Clerks
Reviewed By: Aaron Castaneda

CAUSE NO. C-0745-21-D

| | | |
|---|---|---|
| GARCEL FAMILY, LLC | ) | IN THE DISTRICT COURT |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 206th JUDICIAL DISTRICT |
| | ) | |
| MT. HAWLEY INSURANCE CO., | ) | |
| *Defendant.* | ) | HIDALGO COUNTY, TEXAS |

## <u>DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mt. Hawley Insurance Company, Defendant in the above-entitled and numbered cause, filing this Original Answer and Affirmative Defenses to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.    GENERAL DENIAL

Defendant denies all and singular the allegations contained in Plaintiff's Original Petition and hereby demands strict proof thereof.

### II.    AFFIRMATIVE DEFENSES

***First Affirmative Defense***

The insurance policy on which Plaintiff sues (the "Policy") provides coverage, subject to all terms, conditions, limitations, and exclusions, for direct physical loss of or damage to Plaintiff's Property caused by a Covered Cause of Loss during the Policy Period. *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, A**. Mt. Hawley's claim investigation revealed only very minor direct physical loss of or damage to Plaintiff's Property potentially caused by or resulting from the alleged storm at issue, which did not exceed the Policy Deductible. As such, there is no coverage for Plaintiff's claim.

Electronically Filed
4/5/2021 9:08 AM
Hidalgo County District Clerks
Reviewed By: Aaron Castaneda

### Second Affirmative Defense

The Policy does not cover interior water damage caused by rain unless the buildings comprising the Property first sustains damage to its roof or exterior from a Covered Cause of Loss through which the rain enters. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, C.1.c.(1)**. Mt. Hawley's claim investigation determined that Plaintiff's Property sustained no damage to the roofs or exterior walls resulting from the alleged storm at issue through which rain or water entered the Property. As such, there is no coverage under the Policy for any interior water damage.

### Third Affirmative Defense

Mt. Hawley's claim investigation revealed wear and tear damage to the roof of Plaintiff's Property. The Policy excludes such damage. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.2.d.**

### Fourth Affirmative Defense

Mt. Hawley's claim investigation revealed maintenance-related damage to the roof of Plaintiff's Property. The Policy excludes such damage. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.3.c.(1)-(4).**

### Fifth Affirmative Defense

The Policy requires, as a condition precedent to coverage, that the insured cooperate in the investigation of the claim. *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, E. Loss Conditions, 3.a.(8)**. Plaintiff failed to cooperate in Mt. Hawley's claim investigation of the loss at issue by denying access to the Property until after roof replacements had already occurred. Mt. Hawley's investigation was prejudiced as a result.

Electronically Filed
4/5/2021 9:08 AM
Hidalgo County District Clerks
Reviewed By: Aaron Castaneda

### Sixth Affirmative Defense

The Policy requires, as a condition precedent to coverage, that the insured permit Mt. Hawley to conduct inspections of the Property and take samples of damaged and undamaged property for inspection, testing and analysis. *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, **E. Loss Conditions**, **3.a.(6)**.  Plaintiff failed to allow Mt. Hawley to inspect the Property or to inspect samples of damaged property when it replaced the roofs and discarded the old roofing material before Mt. Hawley's engineer was permitted access to inspect the Property.  Mt. Hawley's investigation was prejudiced as a result.

### Seventh Affirmative Defense

The Policy is void in the event the insured intentionally conceals a material fact concerning, among other things, a claim. *See* Policy, **COMMERCIAL PROPERTY CONDITIONS**, **A. CONCEALMENT, MISREPRESENTATION OR FRAUD**.  Plaintiff replaced the roofs and discarded the old roofing material before Mt. Hawley's engineer was permitted access to the property.  Upon information and belief, this was intentionally done in order to conceal the fact that the roofs of the Property were not damaged as a result of the storm at issue.

### Eighth Affirmative Defense – Cosmetic Damage

The Policy does not cover cosmetic damage to roof surfacing caused by wind and/or hail. *See* Policy, **LIMITATIONS ON COVERAGE FOR ROOF SURFACING**, **B.**

### Ninth Affirmative Defense – Exemplary Damages

Mt. Hawley specifically denies that it acted with gross negligence or malice, or committed fraud.  Plaintiff may not be awarded exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code unless it establishes by clear and convincing evidence that Mt. Hawley was grossly negligent, acted with malice, or committed fraud.  *See* Tex. Civ. Prac. & Rem.

Electronically Filed
4/5/2021 9:08 AM
Hidalgo County District Clerks
Reviewed By: Aaron Castaneda

Code § 41.003.  Additionally, in the unlikely event the Court submits an exemplary damages issue

to the jury, Mt. Hawley requests that the jury be instructed consistent with the provisions of

Chapter 41 of the Texas Civil Practice and Remedies Code.  *See* Tex. Civ. Prac. & Rem. Code §

41.012.  Finally, exemplary damages are subject to the limitations on any such award contained in

Chapter 41.  *See* Tex. Civ. Prac. & Rem. Code §§ 41.007-41.008.

    WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing

by its suit and that Defendant be awarded such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
MICHAEL D. FEILER
State Bar No. 24055475
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
gwinslett@qslwm.com
mfeiler@qslwm.com

**ATTORNEYS FOR DEFENDANT
MT. HAWLEY INSURANCE CO.**

Electronically Filed
4/5/2021 9:08 AM
Hidalgo County District Clerks
Reviewed By: Aaron Castaneda

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 5th day of April 2021, a true and correct copy of the foregoing was served via TexFile, facsimile or U.S. Mail on all counsel of record pursuant to the Texas Rules of Civil Procedure:

Larry W. Lawrence, Jr.
Michael Lawrence
Celeste Guerra
Lawrence Law Firm
3112 Windsor Rd., Suite A234
Austin, TX 78703
lawrencefirm@gmail.com
*Attorneys for Plaintiff*

> */s/ Michael D. Feiler*
> MICHAEL D. FEILER

# EXHIBIT D

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back                    Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. C-0745-21-D

| | | | |
|---|---|---|---|
| Garcel Family, LLC VS. Mt. Hawley Insurance Company c/o Craig W. Kliethermes | § § § § § | Case Type: | Contract - Consumer/Commercial/Debt (OCA) |
| | | Date Filed: | 03/01/2021 |
| | | Location: | 206th District Court |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Mt. Hawley Insurance Company c/o Craig W. Kliethermes | GREG K. WINSLETT *Retained* 214-651-4300(W) |
| Plaintiff | Garcel Family, LLC | Larry W. Lawrence, Jr. *Retained* 956-994-0057(W) |

---

### EVENTS & ORDERS OF THE COURT

| | | | |
|---|---|---|---|
| | **OTHER EVENTS AND HEARINGS** | | |
| 03/01/2021 | Original Petition (OCA) | | |
| 03/04/2021 | **Citation By Certified Mail** | | |
| | Mt. Hawley Insurance Company c/o Craig W. Kliethermes | Served | 03/09/2021 |
| | | Returned | 03/09/2021 |
| 03/04/2021 | Citation Issued | | |
| 04/05/2021 | Answer | | |
| 06/01/2021 | **Tickler**  (5:30 PM) (Judicial Officer Reyna, Rose G.) | | |
| | *REVIEW FILE* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Garcel Family, LLC | | |
| | Total Financial Assessment | | 456.00 |
| | Total Payments and Credits | | 456.00 |
| | **Balance Due as of 04/08/2021** | | **0.00** |
| 03/01/2021 | Transaction Assessment | | 456.00 |
| 03/01/2021 | EFile Payments from TexFile | Receipt # DC-2021-002842 | Garcel Family, LLC | (456.00) |

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GARCEL FAMILY, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| MT. HAWLEY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

## LIST OF COUNSEL OF RECORD

---

**Counsel for Plaintiff**
Larry W. Lawrence, Jr.
Lawrence Law Firm
3112 Windsor Rd., Suite A234
Austin, TX 78703
Tel: (956) 994-0057

**Counsel for Defendant Mt. Hawley Insurance Company**
Greg K. Winslett
Michael D. Feiler
Quilling, Selander, Lownds, Winslett & Moser, PC
2001 Bryan Street
Suite 1800
Dallas, TX 75201
Tel.: (214) 871-2100